

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALASKA
(U.S. District Court, 648 Mission Street, Rm 507, Ketchikan, AK 99901)

| | |
|---|---|
| Ronald Satish Emrit, ) | |
|    Plaintiff (Pro Se) ) | |
| ) | C. A. No._____ |
| v. ) | |
| ) | |
| Secretary of State of Alaska & ) | |
|    Alaska Democratic Party, ) | |
|    Defendants ) | |
| ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the two defendants which have violated the plaintiff's constitutional rights by refusing to place him on the ballot for the primary and general presidential election in 2016. The issue is still ripe for adjudication and not moot given that the plaintiff has decided to run again for president of the United States in the 2020 presidential election (as a Democratic candidate). In bringing forth this complaint, the plaintiff states, avers, and alleges the following:

### I.) NATURE OF THE CASE

1.) The plaintiff alleges that the two defendants have violated his Equal protection Rights inherent from the Fifth and Fourteenth Amendments to the United States Constitution.

1

2.) The plaintiff alleges that the two defendants have violated his substantive and procedural due process rights also inherent from the Fifth and Fourteenth Amendments to the U.S. Constitution.

3.) Furthermore, the plaintiff alleges that the two defendants have violated the Privileges and Immunities Clause inherent from Article IV, Section 2, Clause 1 of the U.S. Constitution (i.e. the Comity Clause).

4.) Moreover, the plaintiff alleges that neither of the two defendants should be protected by the Eleventh Amendment doctrine of sovereign immunity and that it is unconstitutional to require that the two defendants waive their sovereign immunity as it is reasonable to assert that no governmental defendant would ever waive its right to sovereign immunity because no governmental agency (on the federal, state, or local level) would ever agree to be sued in its own jurisdiction.

5.) Accordingly, any agents acting on behalf of the defendant as a principal also have the apparent, actual, express, and implied authority to bind the defendant to contract with regards to any subsequent matters that may be found relevant to a material breach of contract analysis using the parol evidence rule, Statute of Frauds, promissory estoppel (for a substitute for consideration), and/or the doctrine of anticipatory repudiation.

## II.) PARTIES TO THIS LITIGATION

6.) The plaintiff is an indigent, disabled, and unemployed resident of the state of Nevada. His current mailing address is 6655 38th Lane East, Sarasota, FL 34243. His cell phone number is currently (301)537-8471 and his primary email address is einsteinrockstar2@outlook.com. The plaintiff is filing this cause of action in the U.S. District Court for the Southern District of Iowa because he anticipates that he will be moving to Iowa after having been homeless in Maryland, Florida, and Nevada.

2

7.) The first defendant is "doing business as" (d/b/a) Alaska Division of Elections. Its principal place of business (ppb) and/or nerve center is located at the following address: Court Plaza Building, 240 Main Street, 4th Floor, P.O. Box 110017. Its telephone number is (907) 465-3020.

8.) The second defendant is the Alaska Democratic Party with its location at 2602 Fairbanks St, Anchorage, AK 99503. Its telephone number is (907) 258-3050.

### III.) JURISDICTION AND VENUE

9.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"

10.) Because the court does not already have personal or subject matter jurisdiction over this issue, it is necessary to engage in a brief discussion of the court's jurisdiction so that the defendants can not move to dismiss this case based on procedural grounds involving a lack of proper jurisdiction.

11.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the Southern District of Alaska (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the sole defendant.

12.) As an Article III court, the U.S. District Court for the Southern District of Alaska also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of the Health Insurance Portability and Accountability Act (HIPAA) in addition to the Affordable Care Act (i.e. "Obamacare").

13.) A federal question is presented by the implication of the McCain-Feingold Act and Ethics in Government Act of 1978.

14.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.

15.) Because the amount in controversy exceeds $75,000 (i.e. $250,000 is greater than

3

$75.000), this court also has jurisdiction with regards to that particular issue.

## IV.) STATEMENT OF FACTS

16.) The plaintiff was a Democratic candidate for president of the United States in the 2016 general election. As such, he ran alongside Bernie Sanders, Hillary Clinton, and President trump.

17.) The plaintiff was only placed on an official ballot in Palm Beach County, FL whereas he was not placed on a ballot in any other jurisdiction in the country.

18.) The plaintiff was told by several secretaries of state that in order to get placed on the ballot in the primary or general election, he would have had to get a minimum number of petitions signed from the constituents of each jurisdiction in which he wanted to run for president in the general election (as an independent candidate).

19.) In the 2016 presidential election, the plaintiff's candidate ID number was P60005535 (registered with FEC Form 2 with the Federal Election Commission (FEC) at 999 E Street, NW

Washington, DC 20463)

20.) With regards to the Political Action Committee (PAC) or Separate Segregated Fund (SSF) representing the plaintiff, the principal campaign committee identification number was C00569897.

21.) Accordingly, the plaintiff was not represented by any "Super PAC" and was not funded by any philanthropists or lobbyists such as the infamous Koch Brothers which are allowed to donate as much as they want to any PAC or Super PAC according to the stare decisis/persuasive precedent of *Citizens United v. FEC, 558 U.S. 310 (2010)*.

22.) Upon filling out FEC Form 1, it can be shown that the plaintiff as a candidate, nor his PAC/SSF had any contributions from anybody as he never was able to receive donations or funding from any person, entity, corporation, or non-profit entity.

## V.)COUNT ONE: VIOLATION OF THE EQUAL PROTECTION CLAUSE INHERENT FROM THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

23.) Because of the fact that the plaintiff is African-American, it can be stated with substantial certainty that he is a member of a suspect classification of discrete and insular minorities which have suffered invidious discrimination within the context of American jurisprudence.

24.) As such, any federal, state, or local laws/regulations (restricting the plaintiff from being on the ballot in this particular state for the primary and general election) must pass a strict scrutiny test as opposed to an intermediate scrutiny test or rational basis test.

25.) More specifically, the burden of proof and persuasion rests squarely with the two defendants to show by a preponderance of the evidence that any federal, state, or local laws (restricting the plaintiff from being placed on the primary and general election ballot in this state) applying to the plaintiff must be "narrowly-tailored to a compelling government objective." (rather than the lower level of being "rationally-related to a legitimate government objective in which the burden of proof and persuasion rests squarely with the plaintiff).

5

26.) The plaintiff argues in "good faith" that there is no compelling government objective in requiring him to obtain a minimum number of petitions/signatures such that he can be placed on the ballot in this state for the primary and general elections in 2016 (already passed) and again in 2020 (in the future of course) as an independent candidate or Democratic candidate.

27.) As such, both of the defendants have violated the plaintiff's equal protection rights by excluding him from the primary and general election ballots in 2016 (e.g. the statute of limitations has not yet passed) and also in the future in 2020 (when the plaintiff plans to run again for president of the United States).

## V.) COUNT TWO: VIOLATION OF THE DUE PROCESS CLAUSE INHERENT FROM THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

28.) Because of the fact that the plaintiff is African-American, it can be stated with substantial certainty that he is a member of a suspect classification of discrete and insular minorities which have suffered invidious discrimination within the context of American jurisprudence.

29.) As such, any federal, state, or local laws/regulations (restricting the plaintiff from being on the ballot in this particular state for the primary and general election) must pass a strict scrutiny test as opposed to an intermediate scrutiny test or rational basis test.

30.) More specifically, the burden of proof and persuasion rests squarely with the two defendants to show by a preponderance of the evidence that any federal, state, or local laws (restricting the plaintiff from being placed on the primary and general election ballot in this state) applying to the plaintiff must be "narrowly-tailored to a compelling government objective." (rather than the lower level of being "rationally-related to a legitimate government objective in which the burden of proof and persuasion rests squarely with the plaintiff).

31.) The plaintiff argues in "good faith" that there is no compelling government objective in requiring him to obtain a minimum number of petitions/signatures such that he can be placed on the ballot in this state for the primary and general elections in 2016 (already passed) and again in 2020 (in the future of course) as an independent candidate or Democratic candidate.

32.) As such, both of the defendants have violated the plaintiff's substantive and procedural due process rights by excluding him from the primary and general election ballots in 2016 (e.g. the statute of limitations has not yet passed) and also in the future in 2020 (when the plaintiff plans to run again for president of the United States).

33.) At the very least, the plaintiff should have been given a notice and a hearing with regards to his not being placed on the 2016 ballots in the state and he should be given a notice and a hearing in the future if he will be excluded from the ballots in 2020. The three types of notice are constructive notice, actual notice, and inquiry notice.

# VI.) COUNT THREE: VIOLATION OF THE PRIVILEGES AND IMMUNITIES CLAUSE OF ARTICLE IV, SECTION 2, CLAUSE 1 OF THE U.S. CONSTITUTION

34.) Because of the fact that the plaintiff is African-American, it can be stated with substantial certainty that he is a member of a suspect classification of discrete and insular minorities which have suffered invidious discrimination within the context of American jurisprudence.

35.) As such, any federal, state, or local laws/regulations (restricting the plaintiff from being on the ballot in this particular state for the primary and general election) must pass a strict scrutiny test as opposed to an intermediate scrutiny test or rational basis test.

36.) More specifically, the burden of proof and persuasion rests squarely with the two defendants to show by a preponderance of the evidence that any federal, state, or local laws (restricting the plaintiff from being placed on the primary and general election ballot in this state) applying to the plaintiff must be "narrowly-tailored to a compelling government objective." (rather than the lower level of being "rationally-related to a legitimate government objective in which the burden of proof and persuasion rests squarely with the plaintiff).

37.) The plaintiff argues in "good faith" that there is no compelling government objective in requiring him to obtain a minimum number of petitions/signatures such that he can be placed on the ballot in this state for the primary and general elections in

8

2016 (already passed) and again in 2020 (in the future of course) as an independent candidate or Democratic candidate.

38.) As such, both of the defendants have violated the Privileges and Immunities Clause (of Article IV, Section 2, Clause 1 of the U.S. Constitution) by excluding him from the primary and general election ballots in 2016 (e.g. the statute of limitations has not yet passed) and also in the future in 2020 (when the plaintiff plans to run again for president of the United States).

39.) At the very least, the plaintiff should have been given a notice and a hearing with regards to his not being placed on the 2016 ballots in the state and he should be given a notice and a hearing in the future if he will be excluded from the ballots in 2020. The three types of notice are constructive notice, actual notice, and inquiry notice.

## VII.) COUNT FOUR: VIOLATION OF 42 U.S.C. SECTION 1983

40.) According to Cornell Law School and The Legal Information Institute, 42 U.S.C. Section 1983 provides in pertinent part that, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

41.) The plaintiff argues that both of the defendants have violated 42 U.S.C. Section 1983 (notwithstanding the fact that the plaintiff is not currently an employee of the federal, state, or local government) by failing to place him on the 2016 ballot for the primary and general presidential election. This violation of 42 U.S.C. Section 1983 is particularly egregious given that the plaintiff is a disabled African-American male who has decided to run for president of the United States (as he passes the qualifications of being a U.S. citizen over the age of 35 years old).

42.) Presumably, these defendants will also have committed a violation of 42 U.S.C. Section 1983 in the future (in 2020) if they continue to exclude the plaintiff from being on the ballots in this state in the primary and general presidential election.

## VIII.) COUNT FIVE: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

43.) According to the website operated by the American Association of University Women (AAUW), "Title VII of the Civil Rights Act of 1964 is a federal law that prohibits employers from discriminating against employees on the basis of sex, race, color, national origin, and religion. It generally applies to employers with 15 or more employees, including federal, state, and local governments. Title VII also applies to

private and public colleges and universities, employment agencies, and labor organizations."

44.) The plaintiff argues that both of the defendants have violated Title VII of the Civil Rights Act of 1964 by failing to place him on the 2016 ballot for the primary and general presidential election. This violation of Title VII of the Civil Rights Act of 1964 is particularly egregious given that the plaintiff is a disabled African-American male who has decided to run for president of the United States (as he passes the qualifications of being a U.S. citizen over the age of 35 years old).

45.) Presumably, these defendants will have committed a violation of Title VII of the Civil Rights Act of 1964 in the future (in 2020) if they continue to exclude the plaintiff from being on the ballots in this state in the primary and general presidential election.

## IX.) COUNT SIX: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (ADA)

46.) According to the website ADA.gov, "The Americans with Disabilities Act (ADA) was signed into law on July 26, 1990, by President George H.W. Bush. The ADA is one of America's most comprehensive pieces of civil rights legislation that prohibits discrimination and guarantees that people with disabilities have the same opportunities as everyone else to participate in the mainstream of American life -- to enjoy employment opportunities, to purchase goods and services, and to participate in State and local government programs and services. Modeled after the Civil Rights Act

of 1964, which prohibits discrimination on the basis of race, color, religion, sex, or national origin – and Section 504 of the Rehabilitation Act of 1973 -- the ADA is an "equal opportunity" law for people with disabilities. To be protected by the ADA, one must have a disability, which is defined by the ADA as a physical or mental impairment that substantially limits one or more major life activities, a person who has a history or record of such an impairment, or a person who is perceived by others as having such an impairment. The ADA does not specifically name all of the impairments that are covered."

47.) In the present case at bar, the plaintiff argues that both of the defendants are "covered entities" within the context of potential defendants that have violated the ADA of 1990 by discriminating against disabled persons.

48.) Because of the fact that the plaintiff has suffered and continues to suffer from bipolar disorder, schizoaffective disorder, obsessive compulsive disorder, and post-traumatic stress disorder (PTSD), it is asserted with substantial certainty that the plaintiff is disabled and therefore covered by the ADA of 1990.

49.) More specifically, the plaintiff has been determined to be disabled by Dornita McKinnon of the state of Maryland as well as the Social Security Administration (SSA) which continues to pay the plaintiff monthly benefits in the amount of $789.00 (with Medicare/Medicaid and Humana giving him medical insurance).

50.) By excluding him from the ballots in this state in the 2016 and 2020 primary and general presidential elections, the defendants have violated the Americans with

Disabilities Act of 1990 (ADA) specifically because of the fact that the plaintiff is a disabled presidential candidate.

## X.) COUNT SEVEN: NEGLIGENCE

51.) In order to prove a prima facie case for negligence, the following elements must be proved:

i.) A duty on the part of the defendant to conform to a specific standard of conduct for protection of the plaintiff against an unreasonable risk of injury;

ii.) A breach of that duty by the defendant;

iii.) The breach is the actual and proximate cause of the plaintiff's injury; and

iv.) Damage

52.) The plaintiff argues that both of the defendants breached their duty of care to the plaintiff to place him on the 2016 ballot for the primary and general presidential election and as such these defendants have committed negligence in 2016 and in the future in 2020 if they continue to exclude the plaintiff from being on the ballots in this state in the primary and general presidential election.

## XI.) COUNT EIGHT: MATERIAL BREACH OF CONTRACT

53.) A breach of contract is material if, as a result of the breach, the nonbreaching party does not receive the substantial benefit of his or her bargain. If the breach is material, the nonbreaching party (i) may treat the contract as at an end (any duty of

13

counter-performance is discharged), and (ii.) has an immediate right to all remedies for breach of the entire contract, including total damages (Note that a minor breach, if coupled with anticipatory repudiation, is treated as a material breach).

54.) In determining whether a breach is material or minor, the courts look at the following factors:

i.) The amount of benefit received by the nonbreaching party;

ii.) The adequacy of compensation for damages to the injured party;

iii.) The extent of part performance by the breaching party;

iv.) Hardship to the breaching party;

v.) Negligent or willful behavior of the breaching party; and

vi.) The likelihood that the breaching party will perform the remainder of the contract.

55.) The plaintiff argues that both of the defendants have committed a material breach of contract by failing to place him on the 2016 ballot for the primary and general presidential election. Presumably, these defendants will have committed a material breach of contract in the future in 2020 if they continue to exclude the plaintiff from being on the ballots in this state in the primary and general presidential election.

## XII.) PRAYER FOR RELIEF

WHEREFORE, the plaintiff is requesting a remedy at law in the form of a judgment in the amount of $45,000,000 (forty five million dollars). This remedy at

14

law would be appropriate considering the fact that both of the defendants have committed a material breach of contract and negligence. Moreover, both of the defendants have committed a violation of the following "black-letter law" provisions of federal law: 42 U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990 (ADA). Furthermore, both of the defendants (acting on behalf of the state) have violated the Equal Protection Clause and Due Process Clause of the Fifth and Fourteenth Amendments to the U.S Constitution in addition to having violated the Privileges and Immunities Clause of Article IV, Section 2, Clause 1 of the U.S. Constitution. In asserting this "prayer for relief," the plaintiff states, avers, and alleges the following:

A.) The remedy at law in the form of a judgment in the amount of $45,000,000 would be appropriately considered to be expectation, reliance, restitution, incidental, and consequential damages for the defendants' material breach of contract.

B.) The remedy at law in the form of a judgment in the amount of $45,000,000 would also be appropriately considered to be punitive, compensatory, treble, actual, presumed, and special damages for the defendants' commission of negligence or negligence per se in addition to a violation of the following

15

"black-letter law" provisions of federal law: 42 U.S.C. Section 1983, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act of 1990 (ADA).

C.) The remedy at law in the form of a judgment in the amount of $45,000,000 would also be considered appropriate given that it has been proved that both of the defendants have violated the plaintiff's rights with regards to the Equal Protection Clause and Due Process Clause (inherent from the Fifth and Fourteenth Amendments) and the Privileges and Immunities Clause (of Article IV, Section 2, Clause 1).

C.) The plaintiff is also requesting the equitable remedy of an injunction or specific performance mandating that the plaintiff Ronald Emrit be allowed to be placed on the ballot for the primary and general presidential election in this state in the year 2020 such that both of the defendants (in the present case at bar) are required to place the plaintiff on the primary and general presidential election in the year 2020 (presumably running up against President Donald Trump as the incumbent).

D.) While punitive damages are not allowed pursuant to the common law of contracts or the Restatement (Second) of Contracts, liquidated damages may be applicable under the theory that each presidential candidate has formed a quasi-contract with the state in which each candidate promises to exercise due

16

diligence in complying with all of the various filing requirements while the state promises to each candidate that he or she will be placed on the ballot in said state. E.) A discussion of quantum meruit and unjust enrichment may also be applicable under the theory that each candidate has formed a quasi-contractual arrangement with the Secretary of State and Democratic party to follow all of the filing requirements in this bilateral arrangement (in which a promise is exchanged for another promise).

                                        Respectfully submitted,

*/s/ Ronald Satish Emrit*

Ronald Satish Emrit

5108 Cornelias Prospect Drive

Bowie, MD 20720

(301)537-8471

einsteinrockstar@hotmail.com

einsteinrockstar2@outlook.com



Ronald Satish Emrit
6655 38th Lane East
Sarasota, FL 34243

Attn: Clerk of the Court
U.S. District Court of Alaska
648 Mission Street
Room 507
Ketchikan, AK 99901